**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**THE PARISH OF JEFFERSON**                    **CIVIL ACTION: 2:18-cv-05252**

**VERSUS**                                                         **JUDGE LEMELLE**

**CANLAN OIL COMPANY, et al.**           **MAGISTRATE JUDGE CURRAULT**

<u>**MEMORANDUM IN SUPPORT OF MOTIONS TO REOPEN CASE AND FOR
REMAND, AND FOR LEAVE TO FILE *RIVERWOOD* APPELLATE RECORD**</u>

**I.    THIS CASE SHOULD BE REMANDED WITHOUT FURTHER DELAY**

This is one of thirty cases filed in this district against numerous oil companies under

Louisiana's State and Local Coastal Resources Management Act of 1978, La. R.S. 49:214.21, *et seq*.

[hereinafter "Eastern District Coastal Cases"[1]]. Twenty-eight of these cases were filed by

Plaquemines and Jefferson Parishes in 2013 and then removed to this Court on numerous grounds,

---

[1]*Plaquemines Parish v. Total Petrochemicals & Refining USA, Inc., et al.*, 2:18-cv-05256; *Jefferson Parish v. Atlantic Richfield Company, et al.*, 2:18-cv-05246; *Jefferson Parish v. Anadarko E&P Onshore, et al.*, 2:18-cv-05213; *Plaquemines Parish v. BEPCO, L.P., et al.*, 2:18-cv-05258; *Plaquemines Parish v. Linder Oil Company, et al.*, 2:18-cv-05231; *Plaquemines Parish v. Caskids Operating Company, et al.*, 2:18-05262; *Jefferson Parish v. Canlan Oil Company, et al.*, 2:18-cv-05252; *Plaquemines Parish v. Palm Energy Offshore, L.L.C., et al.*, 2:18-cv-05259; *Plaquemines Parish v. Riverwood Production Company, Inc., et al.*, 2:18-cv-05217; *Plaquemines Parish v. Apache Oil Corporation, et al.*, 2:18-cv-05240; *Plaquemines Parish v. June Energy, Inc., et al.*, 2:18-cv-05218; *Jefferson Parish v. Equitable Petroleum Corporation, et al.*, 2:18-cv-05242; *Plaquemines Parish v. Helis Oil & Gas Company, LLC, et al.*, 2:18-cv-05260; *Plaquemines Parish v. Devon Energy Production Company, et al.,* 2:18-cv-05234; *Jefferson Parish v. Exxon Mobil Corporation, et al.*, 2:18-cv-05257; *Plaquemines Parish v. Campbell Energy Corporation, et al.*, 2:18-cv-05264; *Plaquemines Parish v. LLOG Exploration & Production Company, LLC, et al.*, 2:18-cv-05265; *Plaquemines Parish v. ConocoPhillips Company, et al.*, 2:18-cv-05230; *Plaquemines Parish v. Rozel Operating Company, et al.*, 2:180-cv-05189; *Plaquemines Parish v. Goodrich Petroleum Company, et al.*, 2:18-cv-05238; *Plaquemines Parish v. Hilcorp Energy Company, et al.*, 2:18-cv-05210; *Jefferson Parish v. Destin Operating Company, Inc., et al.*, 2:18-cv-05206; *Plaquemines Parish v. Northcoast Oil Company, et al.,* 2:18-cv-05228; *Plaquemines Parish v. Exchange Oil & Gas Corporation, et al.,* 2:18-cv-05215; *Plaquemines Parish v. Great Southern Oil & Gas Company, et al.*, 2:18-cv-05227; *Plaquemines Parish v. HHE Energy Company, et al.*, 2:18-cv-05263; *Plaquemines Parish v. Equitable Petroleum Corporation, et al.,* 2:18-cv-05220; *Jefferson Parish v. Chevron U.S.A. Holdings, Inc., et al.*, 2:18-cv-05224; *Parish of St. Bernard v. Atlantic Richfield, et al.,* 2:16-cv-16294; *Dinvaut v. Cambridge Energy, et al.,* 2:17-cv-05630.

including diversity, OCSLA, maritime and federal jurisdiction.  This Court designated *Plaquemines Parish v. Total Petrochemical & Refining USA, Inc., et al.*, 2:13-cv-06693 as the lead case.  Judge Zainey in *Total* ordered remand.  Following Judge Zainey's decision in *Total*, all of the remaining Eastern District Coastal Cases were eventually remanded. Thereafter, four Plaquemines Parish cases were scheduled for trial.

All of the Eastern District Coastal Cases were again removed in May, 2018, on grounds of federal officer jurisdiction and substantial federal question jurisdiction. This time Judge Feldman decided the lead case, *Plaquemines Parish v. Riverwood Production Company, Inc., et al.,* 2:18-cv-05217.  He ordered remand,[2] and the defendants appealed. The Fifth Circuit initially affirmed, finding that the removal was untimely, but then granted rehearing, finding that the removal was timely, but also finding that federal question jurisdiction was lacking.[3] It remanded the case to Judge Feldman, ordering that he reconsider his ruling denying federal officer jurisdiction in light of *Latiolais v. Huntington Ingalls, Inc.,* 951 F.3d 286 (5th Cir.2020).[4]  After oral argument, Judge Feldman issued a lengthy decision again ordering remand.[5]  Defendants again appealed.  The Fifth

---

[2]*Par. of Plaquemines v. Riverwood Prod. Co.,* CV 18-5217, 2019 WL 2271118 (E.D. La. May 28, 2019).

[3]*Par. of Plaquemines v. Chevron USA, Inc.*, 969 F.3d 502 (5th Cir.2020), opinion withdrawn and superseded on reh'g, 7 F.4th 362 (5th Cir.2021), and aff'd in part, rev'd in part and remanded sub nom. *Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362 (5th Cir.2021).

[4]*Par. of  Plaquemines v. Chevron USA, Inc*., 7 F.4th 362, 375 (5th Cir.2021)("But we reverse and remand for the district courts to consider whether federal-officer jurisdiction exists under *Latiolais.*").

[5]*Par. of Plaquemines v. Riverwood Prod. Co.,* CV 18-5217, 2022 WL 101401 (E.D. La. Jan. 11, 2022).

Circuit affirmed, denied rehearing, and denied Defendants' motion to stay pending their petition for certiorari.[6]

The jurisdictional issues addressed by Judge Feldman in *Plaquemines Parish v. Riverwood Production Co.* have now been finally resolved. The Fifth Circuit in *Plaquemines Parish et al v. Chevron U.S.A., et al*, No. 22-30055 (5th Cir.) has: (1) affirmed Judge Feldman's ruling granting remand (Doc. 00516510840); (2) denied Defendants' petitions for rehearing and for rehearing *en banc* (Doc. 00516559393); and (3) denied Defendants' motion to stay the issuance of the mandate (Doc. 00516570509).  The mandate was issued on 12/15/2022.

The relevant jurisdictional factual and legal issues presented in the present case are indistinguishable from the relevant jurisdictional factual and legal issues in *Riverwood.* The Fifth Circuit held that the "Producers [*i.e.*, Defendants] are not entitled to removal under § 1442 because (1) there is insufficient "evidence of any contract, any payment, any employer/employee relationship, or any principal/agent arrangement" indicating that the oil companies acted under a federal officer's or agency's directions; and (2) we find Producers' alternative theories on this issue unpersuasive."[7] The *Riverwood*  Defendants argued that they had a "special relationship" with the government that supported a finding of federal officer jurisdiction. The Fifth Circuit found that no such relationship existed. The  "special relationship" alleged in this case is based on the same flimsy evidence of alleged regulation-based federal controls that the Fifth Circuit found to be insufficient in *Riverwood.*

---

[6]*Plaquemines Par. v. Chevron USA, Inc.,* 22-30055, 2022 WL 9914869 (5th Cir. Oct. 17, 2022). Mandate issued, Fifth Circuit Document Number 00516579257.

[7]*Plaquemines Par. v. Chevron USA, Inc.*, 22-30055, 2022 WL 9914869, at *2 (5th Cir. Oct. 17, 2022).

## II.    RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

After the Fifth Circuit denied a stay of the mandate in *Riverwood,* Defendants filed a "Notice of Supplemental Authority and Proposed Briefing Schedule" in each of the Eastern District Coastal Cases.  In some of these notices, Defendants claim that the "facts differ materially" from those in *Plaquemines Parish v. Riverwood.* Aside from the fact that these claims of material difference are entirely baseless and absurd, **Defendants *do not allege that the facts of this case* are materially different from the facts of *Plaquemines Parish v. Riverwood.***

FRAP Rule 41(d)(1) requires a motion to stay the mandate pending certiorari to show "that the petition would present a substantial question," and "that there is good cause for a stay." "[T]he standard for presenting a 'substantial question' is high,"[8] and even if a Defendant is able to meet this "stringent and extraordinary standard,"[9] an appellate court's decision to stay the mandate nonetheless remains "a matter of discretion."[10]

The Fifth Circuit has held that a stay of the mandate should issue only when there is:

> a reasonable probability that four members of the Court would consider the underlying issue sufficiently meritorious for the grant of certiorari or the notation of probable jurisdiction; there must be a significant possibility of reversal of the lower court's decision; and there must be a likelihood that irreparable harm will result if that decision is not stayed.[11]

---

[8]*United States v. Silver,* 954 F.3d 455, 458 (2d Cir. 2020).

[9]*Id.* at 457.

[10]*United States v. Silver,* 954 F.3d 455, 458 (2d Cir. 2020)("Even if Silver could make that "exceptional" showing, *see Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007), this Court need not grant Silver's motion because 'our decision to' do so 'is a matter of discretion,' *Khulumani v. Barclay Nat'l Bank Ltd.*, 509 F.3d 148, 152 (2d Cir. 2007)").

[11]*Baldwin v. Maggio*, 715 F.2d 152, 153 (5th Cir. 1983) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 895 (1983)).

A "significant possibility of reversal" exists only when there is "a fair prospect that a *majority* of the [Supreme] Court will vote to reverse the judgment."[12]

The Fifth Circuit's refusal to stay the mandate in *Riverwood* demonstrates that there is no "reasonable probability" that certiorari will be granted in *Riverwood,* and that there is no "significant possibility" or even a "fair prospect" that the Supreme Court will reverse the Fifth Circuit. Judge Vance has ordered *Riverwood* remanded to state court and a remand letter transferring jurisdiction has been mailed [See *Riverwood,* Doc. 164]. Accordingly, since this case is indistinguishable from *Riverwood,* a remand order should be issued in this case as soon as practicable.

III.     CONCLUSION

The determination of the federal officer jurisdiction has delayed the Eastern District Coastal Cases for over four and a half years (not to mention the years long delays occasioned by Defendants' first removal attempt), a delay Judge Feldman characterized during oral argument as "shameful." The Fifth Circuit's refusal to stay its mandate pending remand shows that there is no just reason to further delay remand of the Eastern District Coastal Cases. Plaquemines and Jefferson Parishes filed their coastal lawsuits in state court to enforce state law in 2013. Despite Congress's "established . . . policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed,"[13] the resolution of the federal jurisdictional issues in this case has consumed almost nine years. In *Cavallini v. State Farm Mut. Auto Ins. Co.*, the Fifth Circuit observed that the "removal and remand

---

[12]*Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010)(emphasis added).

[13]*United States v. Rice,* 327 U.S. 742, 751 (1946).

statutes" are "consistent with Congress' intent to resolve swiftly removal issues."[14] In *State of Ohio v. Wright,* the Sixth Circuit observed: "Parties to state litigation should not be delayed by procedural fencing over the intricacies and perplexities of removal jurisdiction, and state courts should not be long interrupted in the conduct of their litigation by removal petitions."[15]

The determination of whether Defendants have a right to remove based on their WWII activities of behalf of this country has now lasted longer than this country's involvement in WWII itself.  Plaintiffs and Intervenors are entitled to an immediate order of remand.  The once seemingly endless disputes over federal jurisdiction in this case are now at an end.

## IV.    COMPLETENESS OF THE RECORD

In the event Defendants seek to appeal this case to the Fifth Circuit under 28. U.S.C. §1447(d), it is important that the record be complete.  Accordingly, Plaintiffs and Intervenors seek leave of court to file the entire *Riverwood* appellate record in this proceeding.  Since Defendants have effectively conceded that the relevant jurisdictional facts of this case are indistinguishable from the facts of *Plaquemines Parish v. Riverwood,* there is no need for further briefing in this case, and a briefing schedule would be pointless. Defendants' arguments addressing the applicability of *Latiolais* were extensively briefed and rejected in *Riverwood.* The *Riverwood* record contains every argument that Defendants can conceivably make in this case, and all of the evidence and facts that Defendants can conceivably offer.

---

[14]*Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995), fn. 16, citing 28 U.S.C. §§ 1446–1447.

[15]*State of Ohio v. Wright*, 992 F.2d 616, 617 (6th Cir.1993).

*By Attorneys for Plaintiff, the Parish of Jefferson*
*and State of Louisiana, ex rel. Parish of Jefferson:*

Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Christopher D. Martin (30613)
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Philip F. Cossich, Jr. (1788)
Darren Sumich (23321)
David A. Parsiola (21005)
Brandon J. Taylor (27662)
COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, LA 70037-2648
Telephone: (504) 394-9000
Fax: (504) 394-9110

Bruce D. Burglass, Jr. (1411)
Andre' C. Gaudin, (20191)
Scott O. Gaspard (23747)
BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001-5602
Telephone: (504) 836-0407
Fax: (504) 287-0447

By: /s/ *Victor L. Marcello (9252)*

*By Attorneys for Intervenor-Plaintiff, the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris:*

J. Blake Canfield (30426)
Executive Counsel
Donald W. Price (19452)
Special Counsel
DEPARTMENT OF NATURAL RESOURCES
Post Office Box 94396
Baton Rouge, LA 70804

By: */s/ Donald W. Price (19452)*

*By Attorneys for Intervenor-Plaintiff, the State of Louisiana, ex rel. Jeff Landry, Attorney General:*

Ryan M. Seidemann, (28991)
Wilbur L. Stiles, III, (27654)
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
1185 North 3rd Street
Baton Rouge, LA 70802
Telephone: (225) 326-6085
Fax: (225) 326-6099

By: */s/ Ryan M. Seidemann (22294)*